■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO VASQUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered May 20, 1982, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant moved pursuant to CPL 210.40 to dismiss, in the interest of justice, an indictment charging him with criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree. Following the denial of the motion, defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of the indictment. Defendant now appeals, alleging, *inter alia,* that his motion was improperly denied. However, by pleading guilty, defendant has waived his right to object to the denial of the motion (*People v Thomas,* 74 AD2d 317, affd 53 NY2d 338; *People v O'Brien,* 84 AD2d 567; *People v Rodriquez,* 79 AD2d 539). Defendant also claims that Criminal Term erred in refusing to suppress his statement acknowledging ownership of the money that was seized herein, although the court found that the seizure of the physical evidence itself was improper. The People raise for the first time on appeal the question of defendant's standing to challenge the search of the apartment. We do not agree with our dissenting colleague that said objection was waived by the People since they failed to raise it at the suppression hearing. The hearing was held nearly one month after the Court of Appeals decision in *People v Ponder* (54 NY2d 160, 164) which abolished the "automatic standing" rule and held that a defendant has the burden of demonstrating that he had a reasonable expectation of privacy (see, also, *United States v Salvucci,* 448 US 83; *Rakas v Illinois,* 439 US 128). Defendant in the instant case failed to meet that burden. The fact that the People did not raise this issue at the hearing, and, in fact, sought to connect defendant with the premises in order to prove that the contraband seized was his, does not mandate a different conclusion. The standing issue presents a question of law. Even had the People expressly conceded the issue, it would not be binding on the court (*United States v Tortorello,* 533 F2d 809, cert den 429 US 894; *United States v Banerman,* 552 F2d 61). Thus, defendant's failure to demonstrate that he has standing to challenge the search is fatal to the claim that his statement should have been suppressed. Defendant's other contentions have been considered and found to be without merit. Brown, Niehoff and Rubin, JJ., concur.

O'Connor, J. P., dissents and votes to reverse the judgment, grant that part of the defendant's motion which was to suppress a certain statement made by

him and order a trial, with the following memorandum. Defendant was indicted for criminal possession of a controlled substance in the first degree (cocaine) and criminal use of drug paraphernalia in the second degree (possession or sale of a substance adapted for dilution of narcotics). A hearing was conducted on December 15, 1981 in response to defendant's motion to suppress certain physical evidence and a statement obtained at the time of his arrest on April 19, 1979. According to the arresting officer, the resident of an apartment located beneath the apartment where defendant was arrested had informed him that a bullet had been fired through his ceiling sometime around 1:30 A.M. on that date. When defendant responded to the officer's knock on his door, the officer informed him of the allegation. Defendant, clad in a bathrobe, denied that a shot had been fired and invited the officer to inspect the suspected point of entry in defendant's floor. The officer went to the site and spotted on the floor next to a couch a brown bottle containing a substance he suspected to be a narcotic and a scale used for the measurement of grams. The officer arrested defendant, handcuffed him, and advised him of his rights. The officer and his partner then proceeded to search the apartment. The officer testified that they recovered $6,510 "in a bedroom closet laying on the floor with clothes over it, concealed by a mirror; approximately four foot by five foot mirror", plus a plastic bag containing a cutting agent and a second scale in a hallway closet, and a notebook containing drug-related entries on a bedroom chest of drawers. No weapon was found. Upon discovery by the officers of the money, defendant allegedly exclaimed without solicitation, "That's mine". Defendant took the stand to testify to facts relevant to the lawfulness of the officers' warrantless search of the apartment. He stated that he was asleep with his girlfriend when he was awakened by the officers' knock on his door. The People's cross-examination was directed toward establishing defendant's ownership of the premises. This was done over defense counsel's objection that defendant had never denied such ownership. Nevertheless, the People elicited from defendant a denial that his name was on the lease of the apartment, without obtaining a response to whether he paid the rent on the apartment. Defendant denied that he had attempted to rent the apartment in 1978. Defendant also denied that he had a key to the premises, and said he had visited the apartment a total of three or four times rather than at least once a week, as suggested by the People. In opposing the defense motion to suppress the physical evidence and defendant's statement that the money belonged to him, the People argued that the officers' warrantless entry into the apartment had been justified by either defendant's consent or exigent circumstances. Although the "automatic standing" rule for suppression motions had been abolished by the Court of Appeals a month before the hearing (*People v Ponder,* 54 NY2d 160), the People did not challenge defendant's standing; on the contrary, it is obvious from their cross-examination that they attempted to establish his ownership and control of the apartment in order to aid their case, which charged possession of drugs and drug paraphernalia found on the premises. The suppression court properly ruled that the search and seizure was proper insofar as it related to the brown jar and first scale found by the couch. The court also correctly ruled that, having arrested and handcuffed defendant, the officers unlawfully seized the other items of physical evidence upon a further search of the apartment. The court erred, however, in refusing to suppress defendant's statement that the money belonged to him ("That's mine") on the theory that the statement was uttered spontaneously. Although not triggered by any inquiry by the officers, the statement was made in direct response to the officers' unlawful discovery of the money and hence was the fruit of the poisonous tree. Nothing in the record indicates that defendant's withdrawal of his plea of not guilty to the indictment, and his offer to plead guilty to criminal possession of a controlled

substance in the third degree to cover the indictment were in any way conditioned upon a withdrawal of his suppression motion. Nor is there any indication in the record that the court's failure to suppress his statement was not a factor in his decision to plead guilty to the lesser charge. I conclude, therefore, that the judgment should be reversed, that part of the defendant's motion which was to suppress the statement should be granted and a trial ordered. In reaching this conclusion, I reject the People's argument, raised for the first time in their appellate brief, that defendant had no standing to challenge the search of the apartment because his lack of a key, the small number of his visits to it, and the name of someone else on the lease demonstrated that he had no reasonable expectation of privacy in the premises under the *People v Ponder* test. As defendant properly points out in his reply brief, the People waived any such objection by failing to raise it at the suppression hearing, at which their position had been that defendant was the renter of the premises. Furthermore, defendant's testimony that he lacked a key, did not put his name on the lease, and visited the apartment only a few times hardly exhausted the various theories that would have shown him to have a legitimate expectation of privacy in his girlfriend's apartment as a whole, as well as in the bedroom closet where the money was found, in the arresting officer's words, "concealed" under a pile of clothes and a mirror. Thus, although I agree with the majority in rejecting defendant's other arguments, I am compelled to dissent and vote to reverse the judgment on the ground that defendant's statement should have been suppressed.