■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS CASTELLAR, Appellant.—Judgment, Supreme Court, New York County (Brenda S. Soloff, J., at hearing; Rose L. Rubin, J., at plea and sentence), rendered May 12, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from three years to life, unanimously affirmed.

Defendant contends that his motion to suppress certain physical evidence should not have been denied without a

hearing. However, as defendant's motion papers did not set forth facts demonstrating that the disputed evidence was obtained under circumstances requiring its suppression, a hearing was not required (CPL 710.60 [3] [b]; *People v Reynolds,* 71 NY2d 552, 558). Defendant failed to establish standing to contest the seizure by demonstrating a legitimate expectation of privacy over the area searched or the item seized *(People v Rodriguez,* 69 NY2d 159, 163). Defendant may not assert standing based on the presumption contained in Penal Law § 220.25 since he was not charged with possession under the statutory presumption. Rather, the evidence sought to be suppressed was seized from a vehicle which defendant never entered. A defendant charged with possessory crimes based on a theory other than the statutory presumption must demonstrate a legitimate expectation of privacy to challenge the search *(People v Wesley,* 73 NY2d 351, 358-359). Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.