■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBREY DRAKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered August 19, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Since the defendant was not charged with criminal possession of a controlled substance under a statutory presumption (see, Penal Law § 220.25 [1]), it follows that he did not have automatic standing to challenge the search of the livery cab in which he was a passenger (see, People v Wesley, 73 NY2d 351;

*People v McCary,* 173 AD2d 856; *People v Metz,* 168 AD2d 515; *People v Castellar,* 159 AD2d 312). The rule of *People v Millan* (69 NY2d 514), relied upon by the defendant, applies only in cases where the prosecution has charged the defendant with possession of contraband based upon a statutory presumption *(see, People v Wesley, supra).* Since the defendant did not prove that he had a legitimate expectation of privacy in the vehicle which was searched, the hearing court properly concluded that he lacked standing. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.