OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant-appellant was convicted, after a nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree. The Appellate Division held his appeal to that Court in abeyance subject to a remittal for a hearing on defendant’s motion to suppress evidence, which had been summarily denied for lack of standing. After conducting the hearing, Supreme Court held that defendant had automatic standing to challenge the seizure of the illegal drugs, since that count was rooted solely in the statutory presumption under Penal Law §220.25 (2). As to the remaining counts, however, Supreme Court held that the defendant would have standing only if he established a personal expectation of privacy.
On review of the entire judgment of conviction in that procedural context, the Appellate Division modified the judgment by reversing and dismissing the conviction for criminal possession of a controlled substance. It affirmed as to the remaining counts. The only issue before this Court, on a grant of leave by a Judge of this Court, is whether the defendant should also have been accorded automatic standing to challenge the search and seizure of the weapon and drug paraphernalia. We agree with Supreme Court and the Appellate Division that well-settled principles lead to the conclusion that he should not.
We have held that where a criminal charge is predicated on ordinary constructive possession principles, standing is available only if the defendant "demonstrate^] a personal legitimate expectation of privacy in the searched premises” (People v Wesley, 73 NY2d 351, 357 [emphasis added]; People v Rodriguez, 69 NY2d 159, 162). Defendant makes no claim of a personal expectation of privacy with respect to the apartment where the seizure occurred, which was not his residence. That the weapon and paraphernalia counts were rooted in ordinary constructive possession principles is also not controverted.
Nevertheless, defendant urges this Court extend the automatic standing exception to all situations where a statutorily *863 presumptive possessory count is included among other criminal charges emanating from ordinary constructive possession. Such a change in the rule would extend the narrow exception of People v Millan (69 NY2d 514, 518-519 [1987]) and render the exception the rule (see also, People v Ponder, 54 NY2d 160 [1981]; People v Rodriguez, 69 NY2d 159, supra [1987]; People v Wesley, 73 NY2d 351, supra [1989]).
This Court, over a decade ago, eliminated the automatic standing rule in New York and concluded that " 'it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he * * * establish, that he himself was the victim of an invasion of privacy’ ” (People v Ponder, supra, at 165, quoting Jones v United States, 362 US 257, 261). In People v Rodriguez, after tracing the history of the standing requirement, the Court followed the path of Ponder and held, in circumstances very much like those present here, that the defendant’s presence in an apartment in which he did not reside did not confer standing upon him to challenge the search and seizure in that apartment (People v Rodriguez, 69 NY2d, at 165, supra). Shortly thereafter, we recognized a need and justification for a limited form of automatic standing, but only where the criminal possessory charge is rooted solely in a statutory presumption attributing possession to a defendant (People v Millan, 69 NY2d, at 518-519, supra). Criminal charges arising out of ordinary constructive possession — like those at issue on this appeal — have remained subject to the general rule and to the rationale of People v Wesley (73 NY2d 351, supra), that the "unfairness * * * perceived in Millón is not present in cases where a defendant is charged with constructive possession on the basis of evidence other than the statutory presumption” (id., at 361; see also, People v Rodriguez, 69 NY2d 159, supra).
Appellant’s other arguments are unpreserved.