■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLINT CEDENO, Respondent. [598 NYS2d 192] —Order, Supreme Court, New York County (John A.K. Bradley, J.), entered March 26, 1992, granting defendant's motion to suppress physical evidence seized from him, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

At about 9:15 on the morning of August 22, 1991, Officer Gary Black, an experienced officer with special training in narcotics who had made at least 100 narcotics arrests in or near the Port Authority Bus Terminal, was on routine patrol duty with two other officers in the terminal when, from a position inside the terminal overlooking 42nd Street and Eighth Avenue, he began observing defendant and a woman, later identified as Alyce Giles, who were standing and talking to each other on the east sidewalk of Eighth Avenue between 41st and 42nd Streets, a location known to Officer Black as a drug prone location. As he watched over a period of a half hour to 45 minutes, the officer observed four separate transactions take place in which individuals would approach Ms. Giles at which time she and the individual would walk five to ten feet away from defendant and she would remove something from her pocket and hand it to the individual in exchange for United States currency. She would then return to defendant and hand him the money which he then put in

his pocket. On at least two occasions, the individuals approached defendant, who directed them to Ms. Giles.

After observing the four transactions, Officer Black and his two fellow officers crossed Eighth Avenue and approached defendant and Ms. Giles. Officer Black testified that the two were "stopped simultaneously" and, although their guns were not drawn, the officers stood in such a way that the suspects could not leave the scene. The officer told defendant he had "a few questions" to ask him and then asked Ms. Giles "what her transactions were, what were [sic] involved in her transactions and her dealings with [defendant]." Ms. Giles told the officers that she was dealing crack and that the crack was in her pocket. The officers then placed Ms. Giles and defendant under arrest and, after frisking him, found $93 in his pocket.

In granting suppression, the hearing court found that nothing the officers observed could be described as a hallmark of a drug transaction under *People v McRay* (51 NY2d 594), and although the officers may have had the right to inquire pursuant to *People v De Bour* (40 NY2d 210), they did more by placing defendant and Ms. Giles in custody before interrogating and frisking them. The court also felt that, although there was some question on the issue, defendant had standing for the purposes of this case.

There is no doubt that defendant had standing to challenge the legitimacy of the search and seizure of the currency from his person *(see, People v Marte,* 149 AD2d 335, 336). However, he did not have standing to contest the seizure of the crack from his companion. A defendant seeking to challenge a search and seizure cannot rest upon the fact that the People have charged him with constructive possession of contraband, but must demonstrate that the search violated a personal legitimate expectation of privacy *(see, People v Wesley,* 73 NY2d 351, 357-359). Here, no such demonstration was made that defendant had a legitimate expectation of privacy regarding the search of Ms. Giles' pocket *(cf., United States v Padilla,* 508 US —, 123 L Ed 2d 635).

In any event, although the hearing court properly concluded that the officers' observations did not provide them with probable cause to arrest defendant or Ms. Giles, they were sufficient to provide the officers with reasonable suspicion that narcotics sales were taking place, sufficient to justify a stop and inquiry. This Court recently reversed and denied suppression in a strikingly similar case involving this same officer and a drug arrest at the same location *(People v Shaw,* 193 AD2d 390). In *Shaw,* this Court divided on the

question of whether there was probable cause, without any preliminary inquiry, to arrest defendant who was observed, on four occasions within a ten minute period, reaching into a white paper bag and delivering objects extracted therefrom to other persons in exchange for United States currency. However, even the dissent agreed that there was at least reasonable suspicion sufficient to justify a stop and inquiry. Once Ms. Giles responded to their inquiry by telling them that she was dealing crack, the officers clearly had probable cause to arrest her and defendant. The subsequent search which uncovered the $93 in defendant's pocket was thus incidental to a valid arrest and his motion to suppress such evidence should have been denied. Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.