■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. CARTER, Appellant. [606 NYS2d 786] —Weiss, P. J. Appeals (1) from a judgment of the County Court of Albany County (Keegan, J.), rendered December 19, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, conspiracy in the second degree and criminal possession of a controlled substance in the seventh degree, and (2) by permission, from orders of the Supreme Court (Keegan, J.), entered June 29, 1992 and October 12, 1992 in Albany County, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Codefendant Lafayette Lewis was the operator of a speeding car stopped by State Trooper Carlos Cuprill on the Thruway at 6:15 A.M. on September 9, 1992. Cuprill became suspicious when Lewis said his trip originated in Albany, obviously contradicted by the color-coded toll ticket on the dashboard. After a check of Lewis' learner's permit disclosed three active suspensions, he was asked to accompany the Trooper to the patrol car. During questioning in the police car, Lewis denied having contraband in his auto and consented to Cuprill's request to examine the car by responding "go ahead". State Trooper Darren Donnelly, assisting Cuprill, also asked Lewis if "it was all right if we took a look through the car", to which Lewis answered, "Go ahead and look." When the three passengers, including defendant (who was in the right rear passenger seat), were told to get out of the vehicle, defendant objected saying that "this is illegal, this is an illegal search". Trooper Donnelly replied, "Don't worry about it, please step from the vehicle."

Donnelly observed a plastic baggie containing white powder (the first package) wedged between the back and bottom of the rear seat occupied by defendant and placed all four occupants under arrest for possession of what the Troopers believed was cocaine. Later, at State Police headquarters, when a body search of Latonya Porter (the other rear seat passenger) was about to proceed, she surrendered another package from inside her clothing containing a large quantity of crack cocaine (the second package). In exchange for favorable consideration of the charges against her, Porter made oral and written statements describing the participation of defendant, Lewis and codefendant Desmond Brinson (the front seat passenger) in the purchase, possession and scheme to transport the cocaine from New York City to Niagara Falls.

The three men were jointly indicted for criminal possession of a controlled substance in the first degree and conspiracy in the second degree. Defendant was also charged with criminal possession of a controlled substance in the seventh degree relating to the first package. A suppression motion was denied after a hearing and, after a joint trial, defendant was convicted as charged. Defendant was sentenced to 25 years to life imprisonment on his conviction for criminal possession of a controlled substance in the first degree and to lesser sentences on the other convictions, all to be served concurrently. Defendant has appealed *pro se.*

Defendant's subsequent motions in Supreme Court for postconviction relief pursuant to CPL 440.10 were denied without

a hearing. A Justice of this Court granted defendant's motion for permission to appeal from the orders denying his CPL 440.10 motions.

Initially, Cuprill's observation of the speeding offense provided a reasonable basis to stop the car (see, People v Robinson, 74 NY2d 773, cert denied 493 US 966) and afforded the police, out of concern for safety, discretion to require the driver to exit the vehicle "even though they lack[ed] any particularized reason for believing the driver possesse[d] a weapon" (New York v Class, 475 US 106, 115). It is further established that the police had authority to order other persons out of the automobile during the stop for a traffic violation (see, Michigan v Long, 463 US 1032, 1047-1048; Pennsylvania v Mimms, 434 US 106). We find that the police request to search the car was justified upon their founded suspicion that criminal activity was afoot based on the obvious spurious response to the inquiry about the origin and destination of the trip (see, People v Hollman, 79 NY2d 181; People v Irizarry, 79 NY2d 890, 892). The suppression court found that the driver, who the police in good faith could reasonably believe was authorized to do so (see, People v Adams, 53 NY2d 1, 9, cert denied 454 US 854), freely gave his consent to a search of the car.

Defendant argues that he personally objected to the search, contending that it was illegal. The issue then distills to whether defendant had standing, as an occupant of the car, to contest an alleged violation of a constitutional right by moving to suppress the evidence found as a result of an unlawful search (see, People v Millan, 69 NY2d 514, 519). In People v Tejada (81 NY2d 861), the Court of Appeals held that automatic standing to challenge a search and seizure on constitutional grounds exists only where the criminal possessory charge attributing possession to a defendant is rooted solely upon the statutory presumption, here Penal Law § 220.25 (1) (see also, People v Wesley, 73 NY2d 351, 361). In the instant case, the charge of possession of the contraband found in the car was supported by the testimony of Porter, who specifically involved defendant in the acquisition and possession. Defendant has articulated no privacy interest in the vehicle sufficient to have standing to challenge the search (see, People v Ponder, 54 NY2d 160), nor has he demonstrated authority to vitiate the valid consent given by Lewis.

We further find that the evidence at trial was sufficient to support the guilty verdict. Viewing the evidence in the light most favorable to the prosecution (see, People v Allah, 71

NY2d 830; *People v Marin,* 65 NY2d 741, 742), Porter's testimony was sufficient to show that defendant knowingly possessed both packets of drugs. Defendant's contention that Porter was an accomplice whose testimony lacked corroboration *(see,* CPL 60.22 [1]) is belied by the circumstances of the case and the police testimony, which provided the jury with a reasonable basis to believe that she was truthful and upon which to convict him *(see, People v Moses,* 63 NY2d 299, 305-307; *People v Williams,* 195 AD2d 889, 891).

Defendant's remaining arguments do not require extended discussion. The record as a whole demonstrates that he received effective assistance of counsel at each and every stage of the case. Each defendant had separate counsel of his own save at the initial arraignment, when an attorney from the Public Defender's office was present for all three. However, defendant has not shown any, let alone a significant, possibility of conflict of interest at that time *(see, People v Lombardo,* 61 NY2d 97, 103). Otherwise, defendant's counsel made appropriate pretrial motions, participated in each stage of the proceedings, effectively cross-examined prosecution witnesses, presented a plausible defense and, in sum, provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Garcia,* 194 AD2d 1011; *People v Hope,* 190 AD2d 958, 959, *lv denied* 81 NY2d 972). His failure to demonstrate grounds sufficient to disturb the verdict made denial of his CPL 330.30 and 440.10 motions without a hearing appropriate.

Yesawich Jr., Mahoney and Casey, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent. In my view the rule established in *People v Millan* (69 NY2d 514) and *People v Mosley* (68 NY2d 881, *cert denied* 482 US 914) applies to defendant in the instant circumstances as to the package initially seized from the vehicle at the scene of the stop. Defendant's timely protest that the search was illegal was sufficient to vitiate the consent obtained from codefendant Lafayette Lewis *(see, People v Sora,* 176 AD2d 1172, 1172-1174, *lv denied* 79 NY2d 864; *see also, People v Millan, supra,* at 519-521; *People v Mosley, supra; People v Saunders,* 161 AD2d 1202; *People v Guzman,* 153 AD2d 320, 323-324, *appeal dismissed* 76 NY2d 824, *cert denied* 500 US 941). The search was no longer valid as to defendant from that point on. The State Police were aware that the registered owner of the vehicle was not in the car when they obtained the consent of the driver in the patrol car outside the presence of the three passengers still waiting in the stopped car. Codefendant

Desmond Brinson, the front seat passenger, said the vehicle was registered to his uncle.

I do not read the Court of Appeals decisions in *People v Tejada* (81 NY2d 861) and *People v Wesley* (73 NY2d 351) as limiting the *Millan* rule to preclude its application here. Defendant's standing to challenge the seizure of the initial package is grounded on the statutory automobile presumption of narcotics possession and the location of the narcotics in the vehicle (Penal Law § 220.25 [1]). The cases of *People v Tejada (supra)* and *People v Wesley (supra)* both deal with house searches. In *Wesley,* the Court of Appeals refused to extend *Millan* to criminal possession charges arising out of ordinary constructive possession alone *(People v Wesley, supra,* at 363; *see, People v Tejada, supra,* at 863). Here, as in *Millan,* the sole basis for the conviction based on the seizure of the initial package was due to the passenger status of defendant. There was insufficient evidence outside of the statutory presumption to show that defendant possessed that package absent the statement of Latonya Porter, which should not be used to destroy defendant's standing. Porter's statement was not made until after the seizure of the initial packet from the car and was the product of that seizure. The fruits of the illegal seizure should not be used against defendant.

Further, the seizure of the second package was the poisonous fruit of the illegal initial search and seizure and should also be suppressed *(see, People v Millan, supra,* at 521).

Consequently, I would reverse the judgment, grant the suppression motion to the extent of suppressing the packages of cocaine as to defendant and dismiss the indictment.

Ordered that the judgment and orders are affirmed.