■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND A. BRINSON, Appellant. [606 NYS2d 451] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered December 19, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

Codefendant Lafayette Lewis was the driver and codefendant James Carter, Latonya Porter and defendant were passengers in a vehicle that was stopped by police on the Thruway on September 9, 1990. A search of the vehicle disclosed a quantity of white powder believed to be cocaine. Following the arrest of the vehicle's occupants, an additional quantity of crack cocaine was found upon Porter's person. Porter gave statements to the police and subsequent trial testimony detailing the participation of defendant, Carter and Lewis in the purchase, possession and scheme to transport the cocaine found in the vehicle and upon her person from New York City to western New York. Convicted after a joint trial of criminal possession of a controlled substance in the first degree and conspiracy in the second degree, defendant now appeals.

We affirm. The contention that the vehicle was illegally

stopped and searched was considered and rejected by this Court in its determination of Carter's appeal *(see, People v Carter,* 199 AD2d 817). Similarly, as in *People v Carter (supra),* we conclude that the evidence, viewed in a light most favorable to the People *(see, People v Allah,* 71 NY2d 830), including Porter's testimony and corroborative evidence, was sufficient to sustain defendant's conviction. The remaining contentions contained in the main brief and the *pro se* briefs and submission, including the claims that erroneous evidentiary rulings, prosecutorial misconduct or ineffective assistance of counsel mandate a new trial, are either lacking in merit, unpreserved for appellate review or establish, at best, harmless error.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.