■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AYERS, Also Known as ERNEST STOKES, Appellant. [625 NYS2d 206] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered January 31, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and also convicting him, upon his plea of guilty, of violation of probation, and resentencing him on his previous conviction to a concurrent term of 1 to 3 years, unanimously affirmed.

Defendant's motion to suppress physical evidence was properly denied. There was no evidence that defendant had any reasonable expectation of privacy in the abandoned, vacant apartment, and the doctrine of "automatic standing" was inapplicable because the People adequately, although inartfully, apprised the hearing court of their intention to rely on ordinary constructive possession in addition to the "room presumption" of Penal Law § 220.25 (2) *(People v Tejada,* 81 NY2d 861, 863).

The court did not abuse its discretion in denying the drastic remedy of an immediate mistrial *(People v Rice,* 75 NY2d 929, 932; *see also, People v Santiago,* 52 NY2d 865, 866), the only remedy requested by defendant, when evidence of premature deliberations arose. While we agree with defendant that the court's replacement of a particular juror did not necessarily address the possibility of premature deliberations by other jurors, nevertheless, defendant, having spurned the suggestion

that the remaining jurors be interviewed, was not entitled to a mistrial.

The prosecutor's comment on defendant's failure to call his former codefendant as a witness was improper *(People v De Jesus,* 42 NY2d 519, 525), but could not have prejudiced defendant in view of the overwhelming evidence of guilt. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Williams, JJ.