■ The People of the State of New York, Respondent, v Joseph Andrews, Also Known as David Andrews, Appellant. [629 NYS2d 442] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered April 15, 1993, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant argues that certain items were unlawfully seized because the police unlawfully entered into an automobile shop. Contrary to the defendant's argument, the People may argue for the first time on appeal that he lacked standing to challenge the police entry since it was the defendant's burden, in the first instance, to establish that he had standing (see, People v Jackson, 207 AD2d 805; People v Rivera, 206 AD2d 832; People v Banks, 202 AD2d 902, revd on other grounds 85 NY2d 558; People v Jones, 182 AD2d 1066). Furthermore, the hearing record establishes that the defendant did not satisfy his burden of demonstrating that he had standing to contest the police entry and the subsequent search. A defendant has standing to challenge a search which results in the seizure of contraband only if he demonstrates "a personal legitimate expectation of privacy in the searched premises" (People v Wesley, 73 NY2d 351, 357; see also, CPL 710.60; People v Tejada, 81 NY2d 861, 863). The only evidence adduced at the suppression hearing with respect to the defendant's relationship to the automobile body shop in question was his statement to police in which he claimed that he was a customer dropping off his car for repairs.

Moreover, the defendant did not have automatic standing to challenge the search. A criminal defendant is entitled to automatic standing "only where the criminal possessory charge is rooted solely in a statutory presumption attributing possession to a defendant" (People v Tejada, supra, at 863; People v Jackson, 207 AD2d 805, supra). The defendant's possession of weapons and drug paraphernalia was not premised upon any statutory presumption (see, People v Stewart, 153 AD2d 597, 598). Moreover, as established by the court's charge at the trial, the defendant's possession of narcotics was based upon both constructive possession and the statutory presumption pursuant to Penal Law § 220.25 (2). The evidence adduced at the hearing that the defendant was found in the loft above the

automobile shop's garage, in close proximity to the guns and drugs found on the table and floor of the loft, clearly supports his constructive possession of the contraband.

The trial court's *Sandoval* ruling, which permitted the prosecutor to question the defendant as to his prior narcotics-related conviction, but precluded the prosecutor from questioning the defendant concerning his pending narcotics-related case, was an appropriate exercise of discretion *(see, People v Guzman,* 197 AD2d 705; *People v Mannery,* 151 AD2d 697). Moreover, as the jury was already aware of the defendant's prior narcotics conviction, the prosecutor did not violate the scope of the court's Sandoval ruling when he questioned the defendant regarding pedigree information he gave to the arresting officer in connection with his arrest for that crime *(see, People v Walker,* 83 NY2d 455). Contrary to the defendant's argument, the burden was on him to obtain a ruling on the use of those statements by the prosecutor on cross-examination *(see generally, People v Matthews,* 68 NY2d 118, 121-122).

We have reviewed the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.