◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSBERT NUNEZ, Appellant. [651 NYS2d 192] —Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered October 31, 1990, convicting him of criminal possession of a controlled substance in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosato, J.), of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his argument that his guilt was not proven by legally sufficient evidence (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant also challenges the stop and search of the automobile which he was driving. The owner of the automobile, who consented to the search, was also an occupant. The police were authorized to stop the vehicle after observing that the vehicle had a defective taillight and that the defendant was not wearing a seatbelt (*see,* Vehicle and Traffic Law § 1229-c [3]; *People v Banks*, 202 AD2d 902).

Furthermore, the defendant lacks standing to challenge the search of the automobile. The defendant does not have automatic standing because the People did not rely solely on the statutory presumption of possession (Penal Law § 220.25 [1]), but also on a theory of constructive possession (*see, People v Tejada*, 81 NY2d 861; *People v Andrews*, 216 AD2d 571). He also lacks standing to challenge the search because the owner, who was in the vehicle at the time, alone retained a possessory interest in the automobile, and the defendant had no reasonable expectation of privacy (*see, United States v Jefferson*, 925 F2d 1242 [10th Cir]; *United States v Lochan*, 674 F2d 960 [1st Cir]).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.