■ In the Matter of VITO VITULLI, Appellant, v NEW YORK FRESHWATER WETLANDS APPEALS BOARD, Respondent. [659 NYS2d 763] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York Freshwater Wetlands Appeals Board, the appeal is from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), dated February 14, 1996, which dismisses the petition.

Ordered that the judgment is affirmed, with costs.

The petition was properly dismissed (see, Jorling v Freshwater Wetlands Appeals Bd., 147 Misc 2d 165; Matter of Jorling v Freshwater Wetlands Appeals Bd., 147 Misc 2d 880). O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ABREU, Appellant. [657 NYS2d 750] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 8, 1995, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, the People may raise on the instant appeal the issue of the defendant's lack of standing to challenge the issuance of a search warrant (see, People v Jackson, 207 AD2d 805). The record indicates that the defendant was merely an occasional visitor in the apartment which was searched pursuant to the warrant. Accordingly, he lacked standing to challenge the search warrant and to demand a Darden hearing (see, People v Darden, 34 NY2d 177), since he had no legitimate expectation of privacy in the premises searched (see, People v Wesley, 73 NY2d 351; People v Jackson, supra; People v Melendez, 160 AD2d 739). Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.