■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL KING, Appellant. [662 NYS2d 806] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered February 15, 1995, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

After receiving a radio transmission describing the perpetrators of a recent robbery and identifying one of the stolen items as a brown jacket, two police officers stopped the defendant and his companions as they were entering a livery cab. The men, one of whom was carrying a brown jacket, matched the description of the perpetrators. The jacket was placed on the roof of the vehicle and the men were frisked, but no weapons were recovered.

Shortly thereafter, the robbery victim arrived at the scene. He did not identify any of the men as his assailants, but asked to see the brown jacket. When it was shown to him by one of the officers, the victim indicated that it was not his jacket. As the officer returned the jacket to the roof of the cab, he observed another brown jacket in the rear of the vehicle. The officer entered the cab to retrieve the jacket and discovered a gun. A subsequent search of the vehicle revealed two other weapons.

The hearing court improperly denied the defendant's motion to suppress the weapons. While the frisk and temporary detention of the defendant were lawful, as he concedes on appeal, the officer was not justified in conducting a search of the cab after the robbery victim failed to identify the defendant or any of the men as the assailants (*see, People v Torres,* 74 NY2d 224; *cf., People v Jackson,* 79 NY2d 907).

Contrary to the People's contention, the plain view doctrine is inapplicable here. The guns were discovered only after the officer entered the cab to retrieve the jacket. It was not "immediately apparent" that the jacket was related to criminal activity since it had not been identified as stolen property and the victim had already stated that he did not think these were the men who had robbed him. Consequently, seizure was not justified by the plain view doctrine (*see, Horton v California,* 496 US 128, 136-137; *People v Carbone,* 184 AD2d 648, 650).

We note that the issue of standing addressed by our dissenting colleague was not raised before the hearing court or on this appeal, and we decline to reach it *sua sponte.* In any event, we disagree with the conclusion that the defendant does not have automatic standing. Ritter, J. P., Altman and Krausman, JJ., concur.

Pizzuto, J., dissents and votes to affirm the judgment with the following memorandum: On December 2, 1993, just after midnight, Police Officer John Cavalcante received a radio transmission of a recent robbery. The transmission included a description of the perpetrators and the fact that a brown jacket, among other things, had been stolen from the victim. Within a matter of seconds, Cavalcante observed two men getting into a

station wagon. These men fit the description of the perpetrators, and one of the men carried a brown jacket in his hand. As Cavalcante and his partner approached the car (later determined to be a livery cab), they noticed that there was a total of five men in the car, in addition to the driver. Cavalcante and his partner drew their weapons, Ordered the men from the car, frisked them, and found nothing. Approximately five minutes later, another officer arrived with the victim to view the suspects.

Upon viewing the men, the victim did not think they were the men who had robbed him, but he wanted to see the brown jacket. Cavalcante brought the jacket to the victim to view. The victim said that the jacket was not his, and Cavalcante returned the jacket to the roof of the livery cab. Upon placing the jacket on the roof, Cavalcante could see another brown jacket in the luggage area of the cab, and stated "[h]old on a minute, there's another brown jacket in the car". There was also a black jacket draped over the rear passenger seat. Cavalcante then entered the cab and moved the black jacket, in order to reach the brown jacket. Upon moving the black jacket, a nine-millimeter pistol fell out. The men were arrested, and a subsequent search of the car revealed several other weapons, including one which had been secreted under the brown jacket in the cab.

On appeal, the defendant concedes that the police were justified in frisking him and the other men who fit the description of the perpetrators, and holding them long enough for the victim to be brought to the scene to make an identification (see, People v Torres, 74 NY2d 224; People v Hicks, 68 NY2d 234). However, the defendant contends that the police lacked probable cause to search the interior of the cab, and so the weapons discovered must be suppressed. I disagree.

The defendant lacks standing to challenge the search of the cab, and therefore suppression of the weapons is unwarranted. Although the People did not raise the standing issue at the suppression hearing, they could have raised the issue for the first time on appeal (see, People v Andrews, 216 AD2d 571; People v Jackson, 207 AD2d 805, 806). However, the fact that the People failed to raise the issue even on appeal is not dispositive. In fact, "[e]ven had the People expressly conceded the issue, it would not be binding on this court" (People v Vasquez, 97 AD2d 524). It was the defendant's burden, in the first instance, to establish that he had standing (see, People v Andrews, supra). Here, the defendant did not assert standing in his omnibus motion and has not attempted to demonstrate a

reasonable expectation of privacy in the livery cab. Thus, he lacks standing to challenge the search (*see, People v Drakes,* 175 AD2d 841; *People v Osmond,* 109 AD2d 897).

Contrary to defendant's assertion on appeal, the defendant does not have automatic standing because the People did not rely *solely* on the statutory presumption of possession (*see,* Penal Law § 220.25 [1]), but, as established by the evidence and the court's charge at trial, the People also relied on a theory of constructive possession (*see, People v Tejada,* 81 NY2d 861; *People v Wesley,* 73 NY2d 351; *People v Nunez,* 234 AD2d 569; *People v Andrews, supra*). The trial court clearly charged the jury that the People were relying on constructive possession in addition to the statutory presumption, and the court instructed the jury on the principles of dominion and control underlying constructive possession (*see, People v Manini,* 79 NY2d 561, 573). In fact, after charging the jury on the statutory presumption, the court expressly stated, in its supplemental charge, "in this case [the People] are also arguing to you and they rely on the legal principle [of] * * * constructive possession", the principles of which the court again repeated. Thus, the defendant does not have automatic standing, and the evidence need not be suppressed.