*694 OPINION OF THE COURT
Memorandum.
Order unanimously modified on the law by denying that branch of the defendant’s motion seeking to suppress the Department of Motor Vehicles (DMV) abstract and, as so modified, affirmed.
Defendant was charged with unlicensed operation (Vehicle and Traffic Law § 509 [1]) and aggravated unlicensed operation in the second degree (Vehicle and Traffic Law § 511 [2] [a]). Prior to trial, defendant moved to suppress the observations of the police officer and the DMV abstract containing information showing that defendant’s license had been suspended 45 times on 19 dates. The court below ordered a Dunaway /Mapp hearing. At the hearing before a Judicial Hearing Officer (JHO), the People refused to present witnesses and the JHO summarily recommended that the defendant’s motion be granted. Thereafter, the court below adopted the ruling by the JHO and granted defendant’s motion to suppress the observations of the police officer and the DMV abstract. On appeal from that order, the People argued that defendant had no standing to seek suppression of the DMV abstract. We agree. Defendant was required to establish that he had a legitimate expectation of privacy in the search of the DMV files and that his expectation of privacy was reasonable under the circumstances (People v Ramirez-Portoreal, 88 NY2d 99, 108; People v Jackson, 207 AD2d 805). Defendant has not established a legitimate expectation of privacy in the DMV file searched and society would not accept such an expectation as objectively reasonable (People v Ramirez-Portoreal, supra). The order of the court below also suppressed the observations of the police officer, but the People have not raised any issue with regard to the suppression of this evidence. Thus, reversal of that portion of the order is not warranted.
In view of the foregoing, the remaining issues raised on appeal need not be reviewed.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.