■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. DAWSON, Appellant. [703 NYS2d 778] —Judgment

unanimously affirmed. Memorandum: County Court properly determined that defendant lacks standing to challenge the strip search of codefendant and the seizure of cocaine from codefendant's underwear. "A defendant seeking to challenge a search and seizure cannot rest upon the fact that the People have charged him with constructive possession of contraband, but must demonstrate that the search violated a personal legitimate expectation of privacy" (*People v Cedeno,* 193 AD2d 540, 541, *lv denied* 82 NY2d 715, citing *People v Wesley,* 73 NY2d 351, 357-359). Defendant made no such demonstration with respect to the search of codefendant (*see, People v Cedeno, supra,* at 541). Further, defendant is entitled to automatic standing only if the possessory charge "is rooted *solely* in a statutory presumption attributing possession to" him (*People v Tejada,* 81 NY2d 861, 863). The alleged possession of the cocaine by defendant was not premised upon any statutory presumption, and he is therefore not entitled to automatic standing (*see, People v Reynolds,* 216 AD2d 883, *lv denied* 86 NY2d 801; *People v Andrews,* 216 AD2d 571, *lv denied* 86 NY2d 840). (Appeal from Judgment of Steuben County Court, Furfure, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.