People v Henderson (2004 NY Slip Op 50349(U))

[*1]

People v Henderson

2004 NY Slip Op 50349(U)

Decided on May 5, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2004

Supreme Court, Kings County
 THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff,
against
VERNON HENDERSON, Defendant.
Ind. No. 6136-2003

Attorney for the People: Charles J. Hynes, District Attorney, Kings County, 350 Jay Street, Brooklyn, NY 11201 by ADA Vinoo P Varghese
Attorney for the defendant: C Randall Walker, Esq., Brooklyn Defender's Services, 111 Livingston Street, Brooklyn, New York 11201

ROBERT J. COLLINI, J.
The defendant has filed a written motion, dated March 12, 2004, seeking, inter alia, Dunaway, and Mapp hearings.[FN1] The People filed a written reply in opposition, dated April 1, 2004.
On August 26, 2003, police officers [FN2], using binoculars, observed William McPhatter in the driver's seat of a Jeep Cherokee. The officers also saw the defendant, who was standing outside the passenger side of the vehicle, receive United States currency from an unknown and unapprehended female. After giving the money to the defendant, the female walked around the vehicle towards the driver's window. The officers then observed Mr. McPhatter reach into the center console of the vehicle, remove an object and hand that object to the female.
Shortly thereafter, an unknown and unapprehended male approached the defendant, handed the defendant a sum of currency and then walked to the driver's side window. Mr. McPhatter handed this male an object, which the male placed in his mouth before walking away.
At approximately 8:35 AM, Carmen Hernandez approached the defendant, gave him some currency, then walked around to the driver's side window. The officers observed Mr. McPhatter reach into the center console, remove an object and hand that object to Carmen Hernandez.
Shortly thereafter, Carmen Hernandez was arrested and searched. The police recovered a glassine of heroin labeled "Def Jam" from the Ms. Hernandez's person.
At approximately 9:50 AM, the defendant entered and sat in the front passenger seat of the vehicle being occupied by Mr. McPhatter. Mr. McPhatter then drove away from the scene. The officers who had made the observations involving the three other individuals radioed their [*2]field team with a description of the vehicle that contained the defendant and Mr. McPhatter. About six minutes later, the subject vehicle was stopped by the police. All of the car's occupants were ordered out of the vehicle.[FN3] Sergeant Talvy recovered ninety-eight glassines labeled "Def Jam" from the center console of the vehicle. One glassine labeled "Def Jam" was recovered from Mr. McPhatter's person and $510.00 in United States currency was recovered from the defendant's person. Thirty minutes after the arrest, Officer Santerelli identified the defendant as one of the individuals he had observed engaging in an apparent drug transaction with Carmen Hernandez.
Dunaway Hearing
Defendant moves for a Dunaway hearing.[FN4] In his moving papers, defendant claims the police had no probable cause to stop the vehicle he was riding in because the vehicle had not committed any violations of the Vehicle and Traffic Law. The People contend the defendant lacks standing to contest the stop and search of the vehicle.
In People v Milan (69 NY2d 514, 520), the Court of Appeals held that a passenger has standing to contest the stop of the vehicle in which he or she is a passenger. A passenger has standing to object to alleged police misconduct if either the stopping of the car or the removal of the suspect from the car are unreasonable under the Fourth Amendment of the United States Constitution. Should the passenger come forth with sufficient evidence that such police misconduct occurred, he or she would be entitled to suppression of any evidence found in the vehicle which is the fruit of such illegality (1 LaFave and Israel, Criminal Procedure § 9.1, at 726; Milan, 69 NY2d, at 521).
Accordingly, a Dunaway hearing is granted. Counsel is reminded of the limited scope of this hearing: whether the police were authorized to stop the vehicle and whether they were authorized to order the defendant out of the vehicle. This hearing will not address whether the police were authorized to search the vehicle for contraband unless the defense first establishes that the police were not authorized to stop the vehicle nor remove the defendant from said vehicle.
Mapp Hearing
Defendant also moves for a Mapp hearing, to contest the search of the vehicle and the removal of contraband therefrom. The People object to this hearing, asserting the defendant does not have standing to contest the search of the vehicle or the removal of the contraband.
"A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises or object searched ... A legitimate expectation of privacy exists where defendant has manifested an expectation of privacy that society recognizes as reasonable ... [S]tanding to seek suppression of evidence requires the defendant to establish, by defendant's own evidence or by relying on the People's [*3]evidence ... that he or she had a legitimate expectation of privacy in the place or item that was searched. The suppression court must identify the object of the defendant's expectation of privacy, determine whether defendant exhibited an expectation of privacy in it, and evaluate whether the circumstances would lead society to regard defendant's expectation as reasonable. If the court determines that defendant had a reasonable expectation of privacy in the items searched, standing to challenge the legality of the police conduct is established" (People v Ramirez-Portoreal, 88 NY2d 99, 108-109)(citations omitted).
The burden of establishing legal standing is on the defendant (People v Whitfield, 81 NY2d 904; People v Wesley, 73 NY2d 351, 357-358).
In the absence of sworn allegations of fact establishing the defendant's legitimate expectation of privacy in the area searched or in the items seized, the defendant's request for a Mapp hearing should be denied.
In this case, the defendant has failed to present any sworn allegations of fact to support his claim that he has standing to contest the search of the vehicle. The defendant contends, however, that he has "automatic" standing to contest the search in this case because the People intend to invoke the statutory presumption contained in Penal Law §220.25(1). In support of his position, the defendant cites an unreported decision from a court of concurrent jurisdiction which holds that when a defendant has automatic standing to challenge the recovery of contraband which he is statutorily presumed to possess, he also has standing to challenge the admissibility of any other contraband found within the vehicle (People v Torres, NYLJ, Nov. 17, 2003, at 19, col1 [Sup Ct, Queens County, O'Dwyer, J.]).[FN5]
The People cite People v Tejada (81 NY2d 861) and People v Nunez, (234 AD2d 569, lv denied 89 NY2d 1039) for the proposition that the defendant does not have automatic standing to contest the search of the vehicle because the People do not intend to rely solely upon the statutory presumption of possession (PL 220.25[1]) but also intend to invoke the theory of constructive possession.
In People v Tejada (81 NY2d 861), the New York Court of Appeals held that a defendant who has automatic standing to challenge the seizure of illegal drugs in a room in which he has no personal expectation of privacy does not have automatic standing to challenge the seizure by the police of other items of contraband found in the room, since the narrow exception to the standing requirement is justified only where a criminal possessory charge is rooted solely in a statutory presumption attributing possession to a defendant. Criminal charges arising out of ordinary constructive possession remain subject to the general rule requiring a person seeking to challenge the legality of a search to establish that he himself was the victim of an invasion of privacy. The Court held that the "unfairness [that the automatic standing rule of Millan was designed to correct] is not present in cases where a defendant is charged with constructive possession on the [*4]basis of evidence other than the statutory presumption" (id., at 863).
In People v Nunez (234 AD2d 569), the Second Department was presented with the exact issue to be resolved in this case: whether the defendant, who was not the owner of the vehicle, had standing to contest the search of an vehicle in which he was a passenger when the People intended to rely on both the statutory presumption of possession (Penal Law § 220.25[1]) and the common law theory of constructive possession. In an unanimous decision, the Second Department held that the "defendant does not have automatic standing because the People did not rely solely on the statutory presumption of possession (Penal Law § 220.25[1]), but also on a theory of constructive possession (see, People v Tejada, 81 NY2d 861; People v Andrews, 216 AD2d 571)" (id., at 569). The court further stated that the defendant lacked standing to challenge the search of the vehicle because the owner of the vehicle, who was in the vehicle at the time of the search, retained the only possessory interest in the automobile and that the defendant had no reasonable expectation of privacy.
In People v Paulino (216 AD2d 238, lv denied 89 NY2d 1039), the First Department, citing Tejada, held that the defendant did not have automatic standing to contest the search and seizure of a room because the People relied on not only the room presumption contained in PL § 220.25(2) but also on the theory of constructive possession.[FN6]
In People v Carter (199 AD2d 817, aff'd 86 NY2d 721, rearg denied 86 NY2d 839), the Third Department, citing Tejada, held that "automatic standing to challenge a search and seizure on constitutional grounds exists only where the criminal possessory charge attributing possession to a defendant is rooted solely upon the statutory presumption" (id., at 819)(emphasis in original).[FN7] Since the defendant in Carter had failed to articulate any privacy interest in the vehicle, he had no standing to contest its search.
In People v Hooks (258 AD2d 954, lv denied 93 NY2d 972), a case where the denial of standing to contest the search of an apartment was upheld, an unanimous Fourth Department, quoting Tejada, held that because the possession charges were not rooted solely in the statutory presumption attributing possession to the defendant ,the defendant was not entitled to automatic standing.
Despite this controlling appellate authority, the defendant requests this court adopt the opinion of a court of concurrent jurisdiction, which has held that Tejada was not properly applied by each of the appellate courts mentioned above. Although Justice O'Dwyer's decision is well written and logically persuasive, his opinion about what Tejada stands for is contrary to the appellate authorities that this court is obligated to follow.
Justice O'Dwyer sites People v King (242 AD2d 736) in support of his position that [*5]suspects in the defendant's position have automatic standing to contest the stop and the search of the vehicle. In King the police officers stopped the defendant and his companions as they were entering a livery cab. The men, one of whom was carrying a brown jacket, matched the description given by a recent robbery victim. The victim arrived at the scene, failed to make a positive identification of any of the suspects and indicated that the brown jacket carried by one of the suspects was not his. Prior to releasing the suspects, the officer reached inside the livery cab and removed a second brown jacket, which contained a handgun. A subsequent search of the cab revealed two other handguns. In reversing the conviction, the Second Department held that the officers were not justified in searching the cab after the robbery victim failed to make an identification. The seizure of the second jacket was not admissible under the plain view doctrine or any other exception to the warrant requirement. The majority opinion noted that the issue of standing was not raised before the hearing court, nor upon appeal and the court was disinclined to address the issue sua sponte. The court did state that it "disagree[d] with the conclusion [of the dissenting justice] that the defendant does not have automatic standing" (id., at 737). In his dissent, Justice Pizzuto, who was the only justice on the King panel who was also on the Nunez panel, stated that the defendant did not have automatic standing to challenge the search because the People did not rely solely on the statutory presumption contained in PL § 220. 25(1) but also relied on the theory of constructive possession.
Justice O'Dwyer might, in fact, be correct in his interpretation of the dichotomy between charging a suspect with statutory possession and yet denying that same suspect standing to contest the seizure of the items recovered because the People also intend to rely on constructive possession.[FN8] Perhaps, in time, the Second Department, or the Court of Appeals, will re-interpret Tejada to provide defendants who are charged with possessory crimes, and are being charged pursuant to statutory and constructive possession, with standing to contest not only the stop of the vehicle but also the subsequent search of that vehicle. Perhaps the dicta in King is part of that process. However, until such a decision is set forth from an appellate court, this court must uphold the law as previously decided.
Accordingly, defendant's motion for a Mapp hearing is denied because the defendant has failed to establish standing to contest the search of the vehicle.
This constitutes the decision, opinion and order of the court.
JSC
Dated: May 5, 2004
[*6]
Brooklyn, New York
Decision Date: May 05, 2004
Footnotes

Footnote 1:This decision has been edited for publication.

Footnote 2:Police Officers Gennaro Santerelli and John Acconi.

Footnote 3:By this time a third individual was sitting inside the vehicle. This individual was released from custody.

Footnote 4:Dunaway v New York, 442 US 200.

Footnote 5:Although Justice O'Dwyer couched his decision in terms that would lend one to believe that more than one item of contraband was recovered, in Torres the only item of contraband that was recovered was a loaded handgun which had been secreted in a towel underneath the driver's seat. The defendant had been the driver of the vehicle. However, since the defendant was driving the vehicle under the express permission of the vehicle's owner, he independently had standing to contest the search of the vehicle.

Footnote 6:See also, People v Ayers, 214 AD2d 459, lv denied 86 NY2d 732.

Footnote 7:In dissent, Justice Mikoll held that he does not read Tejada as limiting the Millan rule to preclude its application to the facts of presented before him. Justice Mikoll stated that the defendant's standing to challenge the seizure of the initial package was grounded on the statutory presumption of Penal Law 220.25(1), coupled with the location of the contraband in the vehicle. In Carter, the contraband was recovered wedged between the back and bottom of the rear seat that had been occupied by the defendant.

Footnote 8:The court is hard pressed to think of many examples where the defendant can be charged pursuant to the statutory presumption and not also be charged under a theory of constructive possession. If that be the case, when would a defendant who is charged with a statutory presumption be entitled to contest a search without setting forth sworn allegations of fact?