OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, defendant’s motion to suppress denied and matter remanded to the court below for all further proceedings.
After placing a garage under surveillance pursuant to a warrant that authorized a search of the garage for a stolen automobile and of anyone found therein, and having observed an individual leave the garage, lock the garage door, and depart the scene in an automobile driven by defendant, the police lawfully stopped defendant’s car to search the passenger. The officer requested defendant’s driver’s documentation. After a review of defendant’s Department of Motor Vehicles (DMV) records revealed that defendant’s driver’s license had been suspended, the officer arrested defendant. The court below granted defendant’s subsequent motion to suppress the officer’s observations of defendant, defendant’s identity, and the DMV records, holding that in the absence of any traffic offense or any reason to connect defendant to the stolen automobile, the officer’s demand for defendant’s driver’s documentation was unlawful, requiring suppression of all resulting evidence pursuant to the exclusionary rule. The People appeal and we reverse.
At the outset, we note that at oral argument, defendant conceded that the stop of his vehicle was lawful. Under the circumstances presented, and given defendant’s voluntary production of the documentation upon request of the police officer, defendant failed to establish a privacy expectation in his DMV abstract, a public record compiled independently of the police conduct challenged herein (People v Principe, 65 NY2d 33 [1985]; People v Sikorski, 280 AD2d 414 [2001]; People v Smith, 258 AD2d 245, 248 [1999]; see generally People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]; People v Myers, 303 AD2d 139, 142 [2003]; People v Bryant, 187 Misc 2d 259, 262 [Grim Ct, NY County 2001]). Accordingly, we reaffirm our determination in People v Sajous (180 Misc 2d 693 [App Term, 2d Dept 1999]) that, absent a cognizable privacy interest in DMV records, a defendant lacks standing to demand their suppression. We therefore do not reach the issue of whether the records would be admissible in the event of a Fourth Amendment violation since the lawfulness of the stop was conceded (cf. United *103 States v Crews, 445 US 463, 475 [1980]; People v Bargas, 101 AD2d 751, 752 [1984]; People v Deleon, NYLJ, Sept. 10, 1999, at 27, col 3 [Crim Ct, Bronx County]; People v Cobb, 182 Misc 2d 808, 812 [Crim Ct, Kings County 1997]). We remain unpersuaded by the rationale of cases taking a contrary position (e.g. People v Giacalone, NYLJ, Feb. 23, 1998, at 32, col 3 [Dist Ct, Nassau County]; People v Armour, NYLJ, Oct. 27, 1998, at 30, col 4 [Crim Ct, NY County]). It is to be noted that the Driver’s Privacy Protection Act of 1994 (18 USC § 2721 et seq.) conferred no privacy interest in DMV records relevant to exclusionary rule jurisprudence (see Reno v Condon, 528 US 141, 144-145 n [2000]).
The officer’s observations of defendant after the legal stop, as well as defendant’s identity, are not the suppressible fruits of an exclusionary rule violation (see Immigration & Naturalization Serv. v Lopez-Mendoza, 468 US 1032, 1039 [1984]; People v Pleasant, 54 NY2d 972, 977 [1981] [Jones, J., concurring]).