■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EARL SAWYER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction for murder in the second degree and robbery in the first degree, defendant contends that the suppression court erred in denying his motion to suppress evidence seized from a gym bag which he had secreted in a cubbyhole in a barn belonging to his wife. Defendant's contention is without merit.

The evidence at the suppression hearing, particularly the testimony of Mrs. Sawyer, established that her consent to search was freely given and not the result of threats or coercion (see, *People v Gonzalez*, 39 NY2d 122). It is also clear that Mrs. Sawyer had authority to consent to the search of the cubbyhole. She was the sole owner of the premises and, at the time of the search, had been its only occupant for a period of two months. Even if defendant retained some degree of control over the premises, the proof established that the barn and the grainery had been subject to the shared control of defendant and his wife. "[W]here two or more individuals

share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of others" *(People v Cosme,* 48 NY2d 286, 290; *see also, People v Wood,* 31 NY2d 975, 976). Finally, although a party who shares premises with a defendant may not consent to a search of defendant's personal effects absent a common right of control over the item searched *(see, Frazier v Cupp,* 394 US 731, 740), a different rule obtains where the defendant is absent from the premises *(United States v Robinson,* 479 F2d 300, 302-303). In that event, one with a shared right of access to the premises may consent to the search of objects located therein, including the personal effects of the absent defendant *(People v Mortimer,* 46 AD2d 275, 276; *United States v Richardson,* 562 F2d 476, 479-480, *cert denied* 434 US 1072; *United States v Robinson, supra).* Although there are exceptions to that rule, where, as here, defendant had abandoned the premises two months prior to the search, and where the gym bag bore no indicia of his ownership, Mrs. Sawyer had at least apparent authority to consent to the search of the gym bag and the police acted reasonably in relying on the consent of the sole owner and occupant of the premises.

Finally, search of the gym bag did not exceed the scope of Mrs. Sawyer's consent. Although she did not give express consent to search the gym bag because she did not know of its existence, there was an implied consent in her authorization to conduct a complete search of her premises and by her express invitation to search the cubbyhole where the bag was found. The police acted reasonably in construing Mrs. Sawyer's permission to search the cubbyhole as consent to search the items found therein. The police should not be required to ascertain the ownership of every article encountered during a consent search *(see, United States v Robinson, supra).*

We have considered the other arguments raised by defendant and find them lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree, and robbery, first degree.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.