■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SANCHEZ-REYES, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the People and giving it the benefit of every reasonable inference *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that there was legally sufficient evidence that defendant had constructive possession *(see, People v Tejeda,* 140 AD2d 985, *affd* 73 NY2d 958) of the cocaine and gun to support his conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession. of a weapon in the third degree (Penal Law § 265.02 [4]). Further, we conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490).

We reject defendant's contention that the People's failure to raise the issue of defendant's standing to challenge the search of apartment #2 constituted a waiver of that issue. The People's failure in that regard did not relieve defendant of his initial burden of showing standing, that is, that he had a legitimate expectation of privacy in the searched premises *(see, People v Wesley,* 73 NY2d 351, 358-359; *People v Johnson,* 154 AD2d 932, *lv denied* 75 NY2d 771).

Further, the hearing court did not make the requisite findings of fact and conclusions of law (see, CPL 710.60 [6]). However, since a full and fair hearing was held, we may make those findings (see, People v Lewis, 172 AD2d 1020 [decided herewith]; People v Burrows, 53 AD2d 1038, 1039; People v Denti, 44 AD2d 44, 47).

A review of the record reveals that defendant failed to establish a personal legitimate expectation of privacy in apartment #2 at 120 Wolf Street, Syracuse (see, People v Wesley, 154 AD2d 880, 881, lv denied 75 NY2d 777). The landlord rented the apartment to a person other than defendant. Defendant did not reside there and he kept none of his clothes or items of personal property at the apartment. The apartment was entirely vacant except for a chair, a nonoperable stove and a refrigerator that faced the wall so that its door could not be opened.

We find that the sentence imposed was not harsh and excessive. We have reviewed defendant's remaining contentions and find them to be either unpreserved or, where preserved, lacking in merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.