OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of two counts of criminal sale and possession of a controlled substance. The sale of cocaine upon which defendant’s conviction was predicated took place after a confidential informant introduced an undercover police officer to the defendant.
During cross-examination, the undercover officer refused to disclose the identity of the confidential informant. Recognizing that the court had to decide whether or not to require disclosure pursuant to guidelines set forth in People v Goggins (34 NY2d 163), the court conducted an ex parte conference in chambers with the officer. The conference took place without the presence, knowledge or consent of either party or counsel. Its purpose, as later stated by the court on the record, was to advise the witness about a potential Goggins problem and to attempt to persuade him to voluntarily disclose the identity of the informant.
We agree with defendant that the inquiry was a material part of the trial. Thus, the trial court’s actions in conferring privately with the witness violated defendant’s rights (People v Turaine, 78 NY2d 871, 872; People v Darby, 75 NY2d 449, 453).
The People contend that no Goggins issue was raised in the ex parte conference with Officer Fritzen because the Judge’s only purpose was to persuade the officer to disclose the identity voluntarily, and because the Goggins issue was resolved *1103 thereafter based upon existing decisional authority submitted by the parties. There is no record, however, to show what was said in chambers or whether it contributed to the court’s decision that disclosure was not required. It is possible that Officer Fritzen, in explaining his refusal to disclose the identity of the informant, stated an unrebutted view of the facts which influenced the trial court in reaching its subsequent decision. At least, the conference must be viewed in that light on the present state of the record.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.