■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARFIELD A. JONES, III, Respondent.—Order unanimously modified on the law and as modified affirmed and matter remitted to Ontario County Court for further proceedings on the indictment in accordance with the following Memorandum: County Court erred in granting defendant's motion to suppress physical evidence seized from the U-Haul truck. CPL 710.60 places the burden on defendant to allege facts sufficient to warrant suppression, including a showing of standing *(People v Wesley,* 73 NY2d 351, 358-359; *People v Johnson,* 154 AD2d 932, *lv denied* 75 NY2d 771). Inasmuch as defendant has the burden on that issue, the People are not precluded from raising the issue for the first time on appeal *(see, People v Johnson, supra; People v Sanchez-Reyes,* 172 AD2d 1034, *lv denied* 78 NY2d 926). In the absence of proof that defendant had a legitimate expectation of privacy in the U-Haul truck *(People v Rodriguez,* 69 NY2d 159, 161-163), it was error for County Court to grant defendant's motion to suppress the evidence seized.

County Court properly determined that the stop and subsequent arrest were unlawful. The officers approached defendant and his companion and requested information. Defendant and his companion complied with the request. With little else to go on but suspicion, the officer then patted down defendant

and took him into custody, placing him in a patrol car while the officers attempted to verify the information that defendant and his companion had related concerning their whereabouts. When the officer took defendant into custody, he did not have a reasonable suspicion that defendant was involved in criminal conduct, nor did he have probable cause to believe that he had committed any crime (CPL 140.50, 140.10; *People v Hollman,* 79 NY2d 181; *People v La Pene,* 40 NY2d 210, 223). Indeed, the officer had no knowledge that a crime had been committed *(see, People v Hoglen,* 162 AD2d 1036).

On this record, the most intrusive encounter that would have been warranted under the circumstances was a mere approach for information *(see, People v Hollman, supra; People v De Bour,* 40 NY2d 210; *People v Edmund,* 169 AD2d 195, *lv denied* 78 NY2d 1075). Because there was no justification for what transpired after defendant complied with the officer's initial request, County Court properly suppressed the statement made by defendant *(see, People v Hoglen,* 162 AD2d 1036, *supra; People v Strassner,* 142 AD2d 954, 955, *lv denied* 72 NY2d 962). (Appeal from Order of Ontario County Court, Henry, Jr., J.—Suppress Evidence.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.