■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [615 NYS2d 196] —Judgment unanimously affirmed. Memorandum: Defendant contends that the court erred in denying his motion to suppress the jacket found in his brother's car and the bicycle found in defendant's backyard during warrantless searches. Defendant lacks standing to contest the search of his brother's car *(see, People v Rodriquez,* 69 NY2d 159, 161-163; *People v Jones,* 182 AD2d 1066).* Contrary to defendant's contention, the People may raise the issue of standing for the first time on appeal *(see, People v Jones, supra; People v Sanchez-Reyes,* 172 AD2d 1034, *lv denied* 78 NY2d 926; *People v Johnson,* 154 AD2d 932, *lv denied* 75 NY2d 771). In any event, we agree with the suppression court that the police properly searched the car after they obtained the consent of the owner.

The court also properly found the seizure of the bicycle valid based on a written consent to search signed by a co-resident of the premises, who had a common right of access to the backyard where the bicycle was found leaning against the house *(see, People v Adams,* 53 NY2d 1, 9, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286, 290; *People v Sawyer,* 135 AD2d 1083, 1084). Once the police were lawfully in the backyard, they were authorized to seize the bicycle, which had "red stains" on it and appeared to be evidence of the crime *(see generally,* 3 LaFave, Search and Seizure § 8.3 [2d ed]). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.