■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DAVILLA, Appellant. [672 NYS2d 107] —Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered July 8, 1993, convicting defendant, after trial by jury, of murder in the second degree, four counts of attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree and sentencing him to concurrent terms of 25 years to life, four terms of 12½ to 25 years, 5 to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Defendant's guilt of the various counts was proved beyond a reasonable doubt by overwhelming evidence. Defendant, Hugo Nunez and others set upon Edward Concepcion, Wilfredo Concepcion, Nelson Cruz, Alvaro Cabrera and Angel Cabrera (also known as Alvaro Colon) as they drove two young women, "Tabitha" and Luz Rivera, home. When the two women stepped out of two separate cars the group drove up in, defendant and his accomplices came forward and began firing at the occupants of the cars. Defendant walked directly to the passenger side window of the car in which Edward Concepcion was seated and fired two shots at him, one of which struck him in the head, killing him.

Besides the eyewitness testimony, which constituted overwhelming evidence, defendant evidenced consciousness of guilt by threatening the witnesses against him. These threats "backfired" against defendant since two witnesses, Alvaro Cabrera and Nelson Cruz, testified that they were cooperating

only because of the threats. It was known by all parties prior to trial that Cabrera would testify that he had been threatened in jail on behalf of defendant. Defendant sought an *in limine* ruling to preclude this testimony on the basis that the jury would learn that defendant was in jail at the time and that defendant was a drug dealer. The prosecutor informed the court that the witness had been instructed not to volunteer that the defendant was a drug dealer. The court told defendant to object at the proper time during the trial if the prosecutor went too far. At trial, during his direct examination, Alvaro Cabrera asked whether he could ask the court a question and the court told him no. The court then asked the attorneys to approach for an off-the-record sidebar. Following this sidebar, the court apparently turned to Cabrera in the witness box and spoke briefly to him off the record. The defense counsel noted that such a conversation had taken place and noted it was the second time such an exchange had taken place. When the prosecutor resumed the direct examination, her first question was: "Do you have a question for me?" The witness responded yes and then went on to make a statement that he had not testified before the Grand Jury and would not be testifying at the trial if the defendant had not threatened him. Defense counsel moved for a mistrial without specifying the grounds. The motion was denied. Defendant now asserts that he was denied his right to be present at the off-the-record colloquy between the court and the witness.

While the defendant cites cases for the proposition that such an exchange in his absence warrants reversal (*People v Turaine*, 78 NY2d 871; *People v Ortega*, 78 NY2d 1101), these cases are distinguishable. Ex parte conversations have not warranted reversal where they did not relate to the witness's credibility but were confined to procedural or legal issues, or where the purpose was to ensure that the witness did not volunteer certain remarks (*People v Mendez*, 208 AD2d 358).

Further, there is no need for a remand to establish the exact nature of the conversation. The failure by the defendant to develop the factual record precludes review of the claimed error (*People v Charleston*, 54 NY2d 622, 623). While defense counsel noted, for the record, the fact that the conversation took place, he made absolutely no attempt to inquire as to the nature of the conversation between the court and the witness. Counsel also did not bother to make a record as to the content of the just-concluded sidebar conference with the attorneys. Defendant's claim, therefore, is based purely on speculation as to the conversation and, since it was his burden to preserve the

issue for appeal by making a record, he has failed to meet this burden with the present record and we decline to review the claim (*People v Kinchen*, 60 NY2d 772, 774).

In any event, the speculation defendant engages in involves the supposition that the conversation concerned evidence of threat and witness intimidation. However, the court previously *had a hearing* on this issue that fully explored the admissibility of such threats. In fact, at the pre-trial hearings, during which defendant waived his presence, the defense counsel elicited from Cabrera that he had been threatened and that he heard that whoever testified against defendant would be killed. There was further testimony about threats and the court had ample information before it to determine whether the evidence of threats was admissible. As noted, defendant did not object to the admission of threat evidence per se but solely on the basis that the jury would know that defendant was incarcerated. The court ruled that defendant could object at trial. Consequently, *People v Turaine (supra)* and *People v Ortega (supra)* are not applicable under these facts since in those cases the ex parte communication with the witness took place after objection or without the knowledge of the defendant.

Moreover, there is no possibility that the statement by the witness influenced the ruling of the court as to the threat and intimidation testimony since that ruling was made before the trial.

We have examined the remaining contentions of defendant and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli and Andrias, JJ.