■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SUTHERLAND, Appellant. [720 NYS2d 822] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered June 15, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in precluding him from testifying about his relationship with the only witness who identified him as the perpetrator. That witness testified on cross-examination that she had argued with the defendant a "long time" ago. The defendant gave similar testimony, but the prosecution objected to the defense counsel's questions regarding the substance of the argument. After an off-the-record sidebar discussion, the prosecution's objection was sustained, and the defense counsel continued his direct ex-

amination of the defendant. The defense counsel never asked the Supreme Court to explain why it sustained the prosecutor's objection, nor did he state for the record the substance of the sidebar discussion, or move for a mistrial on the ground that he now raises on appeal; he simply moved to a different line of questioning. Therefore, this issue is unpreserved for appellate review (*see,* CPL 470.05 [2]; *see also, People v George,* 67 NY2d 817; *People v Davilla,* 249 AD2d 179, *cert denied* 526 US 1122).

"[E]xtrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground" (*People v Hudy,* 73 NY2d 40, 56). However, the extent to which an examination may be pursued for the purpose of proving the hostility of a witness is within the discretion of the court (*see, People v Clarke,* 173 AD2d 550). The record does not support a finding that the Supreme Court improvidently exercised this discretion (*see generally, People v Folk,* 145 AD2d 505). O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.