■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL CHAMPION, Appellant. [745 NYS2d 696] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered November 30, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is affirmed.

The defendant's conviction arises from the shooting death of a restaurant owner. The defendant was indicted for, inter alia, murder in the second degree based upon the theory of felony murder (*see* Penal Law § 125.25 [3]). The felony murder charge was based on the underlying crime of attempted robbery in the first degree.

The defendant contends that the People failed to prove that he committed attempted robbery in the first degree beyond a reasonable doubt. However, viewing the evidence adduced at trial in light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted robbery in the first degree beyond a reasonable doubt and, consequently, of felony murder.

The defendant's contention that he was prevented from proving that the lineup was suggestive and thereby deprived of his right to due process is unpreserved for appellate review (*see* CPL 470.05 [2]; *see also People v Sutherland,* 280 AD2d 622), and, in any event, is without merit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Ritter, J.P., Feuerstein, Adams and Mastro, JJ., concur.