■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPHRIAM HUNTER, Appellant. [826 NYS2d 867]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered May 29, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the case is held, the decision is reserved, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the fourth degree (Penal Law §§ 110.00, 220.09 [1]). We agree with defendant that he was denied effective assistance of counsel when his attorney took a position adverse to him with respect to his pro se motion at sentencing. The record establishes that, at sentencing, defendant asserted that defense counsel had induced him to plead guilty by informing him that a suppression hearing could be conducted after the plea was entered. In response to questioning by Supreme Court, defense counsel denied that he had so informed defendant. "Although defense counsel had no duty to support the *pro se* motion of defendant . . . , defense counsel 'became a witness against [his client]' by taking a position adverse to him, thereby depriving defendant of effective assistance of counsel" (*People v Lewis*, 286 AD2d 934, 935 [2001]). The court therefore should have assigned a different attorney before determining defendant's motion (*see id.*; *People v Chrysler*, 233 AD2d 928 [1996]; *People v Kellar*, 213 AD2d 1063 [1995]). Thus, we hold the case, reserve decision, and remit the

matter to Supreme Court for assignment of counsel and a de novo determination of the motion (*see Lewis*, 286 AD2d at 935). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.