◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE ORSINI, JR., Appellant. [855 NYS2d 793]—

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered May 3, 2007. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree and criminal sexual act in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]) and criminal sexual act in the second degree (§ 130.45 [1]). We reject the contention of defendant that he was denied effective assistance of counsel based upon, inter alia, defense counsel's failure to challenge the voluntariness of his statement to the police and the validity of his consent to search his residence. Defendant's omnibus motion sought suppression of defendant's statement, and the failure to challenge the search of defendant's residence is of no moment because it is undisputed that defendant's girlfriend, who resided with defendant, validly consented to the search (see People v Rivera, 206 AD2d 832 [1994]). Thus, a challenge to the validity of the consent of defendant to search his residence "was not warranted by the facts of this case," and the failure to assert such a challenge necessarily does not constitute ineffective assistance of counsel (People v Howard, 37 AD3d 494, 495 [2007], lv denied 9 NY3d 866 [2007]). The record establishes that defense counsel otherwise provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.

◼ In the Matter of KELI GEORGE, Appellant, v FREDERICK E. GUARD, II, Respondent. [855 NYS2d 410]—Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered January 30, 2007 in a proceeding pursuant to Family Court Act article 6. The order modified the terms of petitioner's visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.