# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**7**

**KA 09-02420**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

HECTOR RIVERA, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

HECTOR RIVERA, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John D. Doyle, J.), rendered July 28, 1992. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On a prior appeal, we affirmed the judgment convicting defendant of murder in the second degree under Penal Law § 125.25 (1) (*People v Rivera*, 206 AD2d 832, *lv denied* 84 NY2d 871). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., that Supreme Court erred in responding to notes from the jury during its deliberations (*People v Rivera*, 70 AD3d 1517), and we vacated our prior order. We now consider the appeal de novo.

Contrary to defendant's contention, we conclude that the court fulfilled its "core responsibilities under CPL 310.30" (*People v Tabb*, 13 NY3d 852, 853). The record establishes that the court provided a nearly verbatim summary of the contents of the notes in open court, in the presence of defendant and defense counsel, before responding to the notes (*see People v Bonner*, 79 AD3d 1790, 1791; *People v Salas*, 47 AD3d 513, *lv denied* 10 NY3d 844). Defendant therefore was required to register an objection in order to preserve for our review his challenge to the procedure employed by the court in responding to the jury notes, "at a time when any error by the court could have been obviated by timely objection" (*People v Starling*, 85 NY2d 509, 516; *see People v Ramirez*, 15 NY3d 824, 825-826; *cf. People v Kisoon*, 8 NY3d 129, 134). We decline to exercise our power to address defendant's contention as a matter of discretion in the interest of

justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that he was deprived of the right to be present during sidebar discussions with prospective jurors. The decision of the Court of Appeals in *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759) does not apply herein because defendant's trial was conducted before that decision was issued (*see People v Mitchell*, 80 NY2d 519, 528). Thus, applying the law in effect at that time, defendant had no right to be present at bench conferences unless they "concern[ed] the very same witnesses and events which were to be involved in the case to be tried" (*id.* at 529; *see People v Sloan*, 79 NY2d 386, 392; *People v Siler*, 197 AD2d 842, 843-844, *lv denied* 82 NY2d 903). Here, a prospective juror notified the court that she recognized an individual in the courtroom. The prosecutor asked to approach the bench, and an off-the-record discussion ensued between the court, the prosecutor and defense counsel. The court then summoned the prospective juror to the bench and, after a further off-the-record discussion, the court excused the prospective juror. Although defendant asserts that the unidentified individual was "likely the [victim]'s mother, [or] one of the People's witnesses," defendant provides no record support for that assertion, and thus it is based on sheer speculation (*see People v Davilla*, 249 AD2d 179, 180-181, *lv denied* 92 NY2d 924, *cert denied* 526 US 1122). Defendant has the burden of establishing his absence from a material stage of the trial (*see People v Velasquez*, 1 NY3d 44, 47-48), i.e., the aforementioned bench conferences, and here he failed to meet that burden. Had he met that burden, the remedy to review his present contention would be a reconstruction hearing with respect to those bench conferences, because there is no factual record to enable this Court to review defendant's claimed violation of his *Sloan* rights (*see Davilla*, 249 AD2d at 180-181; *see generally People v Kinchen*, 60 NY2d 772, 773-774). As noted, however, defendant failed to meet his burden of establishing his absence from a material stage of the trial (*see Velasquez*, 1 NY3d at 47-48).

We further conclude that the court properly refused to suppress physical evidence obtained during the search of a vehicle and a yard. With respect to the vehicle, defendant failed to demonstrate any legitimate expectation of privacy therein and thus has no standing to challenge the search (*see People v Shire*, 77 AD3d 1358, 1359-1360, *lv denied* 15 NY3d 955). It is undisputed that defendant did not own the vehicle and that he was not in the vicinity of the vehicle at the time of the search, which took place on a public street more than four hours after defendant had left his apartment in it, shortly after the murder. Although defendant's sister testified at the suppression hearing that the vehicle was "a family car" and that "[w]e all take turns" driving the vehicle, that testimony is insufficient to meet defendant's burden of establishing a reasonable expectation of privacy in the vehicle (*see People v Di Lucchio*, 115 AD2d 555, 556-557, *lv denied* 67 NY2d 942; *see also People v Ortiz*, 83 NY2d 840, 843; *People v Rosario*, 64 AD3d 1217, *lv denied* 13 NY3d 941). In any event, the warrantless search of the vehicle was lawful inasmuch as it was based on the voluntary consent of the owner of the vehicle (*see People v*

*Adams*, 53 NY2d 1, 8, *rearg denied* 54 NY2d 832, *cert denied* 454 US 854; *People v Johnson*, 202 AD2d 966, 967, *lv denied* 84 NY2d 827).

As for the seizure of defendant's bicycle from the yard of an apartment building, it is well settled that, "where two or more individuals share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of the others" (*People v Cosme*, 48 NY2d 286, 290; *see People v Sawyer*, 135 AD2d 1083, 1083-1084). "[A]lthough a party who shares premises with a defendant may not consent to a search of defendant's personal effects absent a common right of control over the item searched . . ., a different rule obtains where the defendant is absent from the premises . . . In that event, one with a shared right of access to the premises may consent to the search of objects located therein, *including the personal effects of the absent defendant*" (*Sawyer*, 135 AD2d at 1084 [emphasis added]). Here, two of the tenants of the apartment building gave the police permission to enter the yard of the premises to search for defendant's bicycle, in defendant's absence. Once the police entered the yard, they observed bloodstains on the handlebars and along the crossbar of the bicycle. Thus, the bicycle was properly seized as evidence of a crime (*see People v Loomis*, 17 AD3d 1019, 1021, *lv denied* 5 NY3d 830; *People v Brown*, 226 AD2d 1108, *lv denied* 88 NY2d 964).

Finally, the sentence is not unduly harsh or severe.

Entered:  April 1, 2011                         Patricia L. Morgan
                                                Clerk of the Court