# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

760

KA 14-00662

PRESENT: SMITH, J.P., NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DANTE RICHARDSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered April 4, 2014.  The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [4]), robbery in the first degree (§ 160.15 [4]), and criminal possession of a weapon in the second degree (§ 265.03 [3]) in connection with a home invasion.  Viewing the elements of the crimes of burglary in the first degree and robbery in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence on the element of unlawful entry with respect to the burglary count and the taking of property with respect to the robbery count (*see generally People v Bleakley*, 69 NY2d 490, 495).

Because he did not object to the use of restraints when he testified before the grand jury, defendant failed to preserve for our review his contention that he was thereby denied his right to due process (*see People v Williams*, 90 AD3d 1514, 1515, *lv denied* 18 NY3d 999).  We nevertheless exercise our power to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We agree with defendant that he should not have been required to appear before the grand jury in restraints without a statement by the prosecutor on the record supporting a reasonable basis for the use of restraints (*see People v Gilmore*, 12 AD3d 1155, 1156).

Furthermore, we note that no cautionary instruction was given to the grand jurors (*cf. id.*).  We nevertheless conclude that the error is harmless beyond a reasonable doubt, because the evidence presented to the grand jury was overwhelming and there is no reasonable possibility that the error affected the determination to indict defendant for these offenses (*see People v Clyde*, 18 NY3d 145, 153-154).  To the extent that defendant contends that he was denied effective assistance of counsel based both upon his first attorney's failure to object to the use of restraints and his attorney's remarks to defendant regarding the subject, those matters are outside the record on appeal and thus must be raised by a motion pursuant to CPL 440.10 (*see generally People v Roman*, 107 AD3d 1441, 1443, *lv denied* 21 NY3d 1045).

We reject defendant's further contention that his statement to the police was not voluntary because it was obtained in violation of his right to be protected from unreasonable search and seizure.  There is no reason to disturb County Court's determination that defendant's grandmother consented to the entry of the police into her home by opening the door wider when asked whether they could talk to defendant (*see People v Gardner*, 45 AD3d 1371, 1371, *lv denied* 9 NY3d 1033; *People v Long*, 124 AD2d 1016, 1017; *cf. People v Christianson*, 57 AD3d 1385, 1387-1388).  With respect to defendant's contention that he was denied effective assistance of counsel because his second attorney failed to raise a *Payton* violation in his omnibus motion and instead made the argument at the *Huntley* hearing, we reject that contention inasmuch as it was established at the *Huntley* hearing that there was no such violation (*see People v Orsini*, 50 AD3d 1541, 1541; *People v Johnson*, 41 AD3d 1298, 1298, *lv denied* 9 NY3d 877).

We also reject defendant's contention that the court abused its discretion in denying his motion for a mistrial based upon the spontaneous testimony of a police witness that he identified defendant as the person he saw running from the house after viewing a mugshot (*see People v Scott*, 107 AD3d 1635, 1636, *lv denied* 21 NY3d 1077; *see generally People v Ortiz*, 54 NY2d 288, 292).  In any event, by striking the testimony and providing a curative instruction, the court minimized any prejudicial effect (*see People v Santiago*, 52 NY2d 865, 866).

We reject defendant's contention that his third attorney abdicated his responsibility during jury selection by allegedly deferring to defendant with respect to the exercise of peremptory challenges.  It is well settled that, "[i]f defense counsel solely defers to a defendant, without exercising his or her professional judgment, on a decision that is 'for the attorney, not the accused to make' because it is not fundamental, the defendant is deprived of 'the expert judgment of counsel to which the Sixth Amendment entitles him' or her" (*People v Hogan*, 26 NY3d 779, 786).  Here, however, the record establishes that, although defense counsel properly provided defendant the opportunity to provide meaningful input with respect to the exercise of peremptory challenges (*see generally People v Starks*, 88 NY2d 18, 29), he did not make peremptory challenges "solely in deference to defendant" (*People v Black*, 137 AD3d 1679, 1679-1680, *lv*

*denied* 27 NY3d 1128).

Although we agree with defendant that he was denied effective assistance of counsel when his third attorney took a position that was adverse to him with respect to his pro se motion pursuant to CPL 330.30 challenging the use of restraints at the grand jury proceeding (*see People v Hunter*, 35 AD3d 1228, 1228), we nevertheless conclude that, under the unique circumstances presented here, no corrective action is required.  The court had denied three prior motions challenging the use of restraints at the grand jury proceeding, two of which were pro se, and defendant's third attorney advised the court that he had explained to defendant that the issue would be raised on appeal, which it was.  Because there would be no benefit to defendant to hold the appeal and remit the matter to County Court for a de novo review of the motion with new counsel (*cf. People v King*, 129 AD3d 992, 993; *Hunter*, 35 AD3d at 1228-1229), we decline to do so.  Contrary to defendant's contention, he was not denied effective assistance of counsel at sentencing, and thus we reject defendant's contention that the matter should be remitted for resentencing (*cf. People v Lawrence*, 27 AD3d 1091, 1091-1092).  We have reviewed defendant's remaining contentions with respect to the alleged denial of effective assistance of counsel and conclude that they are without merit (*see generally People v Benevento*, 91 NY2d 708, 711-714).

Although defendant failed to preserve for our review his contention that the court erred in calculating the expiration date of the order of protection, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Because we agree with defendant that the court erred, we modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify an expiration date in accordance with CPL 530.13 (4) (A) (*see People v Bradford*, 61 AD3d 1419, 1421, *affd* 15 NY3d 329).  We reject defendant's challenge to the severity of the sentence.  We have reviewed defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court