People v Polanco (2020 NY Slip Op 04703)





People v Polanco


2020 NY Slip Op 04703


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


595 KA 16-02269

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JHON POLANCO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered August 1, 2016. The judgment convicted defendant upon his plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]). We agree with defendant that Supreme Court erred in failing to determine whether he should be afforded youthful offender status (see People v Rudolph, 21 NY3d 497, 501 [2013]; People v Lester, 155 AD3d 1579, 1579 [4th Dept 2017], lv denied 32 NY3d 1206 [2019]). As the People correctly concede, defendant is an eligible youth, and a sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it" (Rudolph, 21 NY3d at 501; see People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see People v Singleton-Pradia, 170 AD3d 1520, 1520-1521 [4th Dept 2019]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court