People v Lee (2020 NY Slip Op 06666)





People v Lee


2020 NY Slip Op 06666


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1037 KA 19-01120

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYAN L. LEE, DEFENDANT-APPELLANT. 






TIMOTHY J. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered May 14, 2019. The judgment convicted defendant upon a plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We agree with defendant that he was deprived of effective assistance of counsel because his attorney took a position adverse to him when defendant initially sought the assignment of new counsel and made other statements that, under the circumstances, County Court properly "deemed to have [been] a motion to withdraw his guilty plea" (People v King, 235 AD2d 364, 364 [1st Dept 1997]; see generally People v Martinez, 166 AD3d 1558, 1559 [4th Dept 2018]). Although defense counsel had no duty to support defendant's requests, and defense counsel subsequently filed a motion to withdraw the plea on other grounds, defense counsel in effect became a witness against defendant by taking a position adverse to him with respect to his initial request to withdraw the plea, thereby depriving defendant of effective assistance of counsel (see People v Hunter, 35 AD3d 1228, 1228 [4th Dept 2006]; People v Lewis, 286 AD2d 934, 934-935 [4th Dept 2001]). Indeed, defense counsel stated that he thought defendant's request was "silly" and that it was defense counsel's "opinion that not only was the plea informed, [defendant] made the correct decision" to take the plea (see People v Washington, 25 NY3d 1091, 1095 [2015]). Consequently, the court "should not have determined the motion[ and request to withdraw the plea] without first assigning a different attorney to represent defendant" (People v Chrysler, 233 AD2d 928, 928 [4th Dept 1996]). We therefore hold the case, reserve decision, and remit the matter to County Court for the assignment of new counsel and a de novo determination of defendant's motion and request to withdraw the guilty plea (see People v Chaney, 294 AD2d 931, 932 [4th Dept 2002]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court