People v Cannon (2021 NY Slip Op 05434)





People v Cannon


2021 NY Slip Op 05434


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


838 KA 19-00887

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE CANNON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 31, 2016. The judgment convicted defendant upon his plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [3]). We conclude that Supreme Court properly refused to suppress defendant's statement to the police inasmuch as the record establishes that he knowingly and intelligently waived his Miranda rights and, contrary to his contention, there is no indication that the police unlawfully isolated him from supportive adults who attempted to see him (see People v Salaam, 83 NY2d 51, 55 [1993]; People v Tompkins, 66 AD3d 1373, 1373 [4th Dept 2009], lv denied 15 NY3d 758 [2010]).
However, we agree with defendant that the court erred in failing to determine whether he should be afforded youthful offender status (see People v Rudolph, 21 NY3d 497, 501 [2013]; People v Lester, 155 AD3d 1579, 1579 [4th Dept 2017], lv denied 32 NY3d 1206 [2019]). Defendant is an eligible youth and, as the People correctly concede, the sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it" (Rudolph, 21 NY3d at 501; see People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see People v Polanco, 186 AD3d
1109, 1110 [4th Dept 2020]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court