People v Cannon (2022 NY Slip Op 03653)

People v Cannon

2022 NY Slip Op 03653

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND CURRAN, JJ.

504 KA 19-00887

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE CANNON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 31, 2016. The appeal was held by this Court by order entered October 8, 2021, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (198 AD3d 1372 [4th Dept 2021], lv dismissed 37 NY3d 1145 [2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law
§ 140.30 [3]). We previously held the case, reserved decision, and remitted the matter to Supreme Court to make and state for the record a determination whether to adjudicate defendant a youthful offender (People v Cannon, 198 AD3d 1372, 1372 [4th Dept 2021], lv dismissed 37 NY3d 1145 [2021]). Upon remittal, the court declined to adjudicate defendant a youthful offender. Contrary to defendant's contention, we conclude that the court did not abuse its discretion in denying him youthful offender status (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]). Additionally, having reviewed the applicable factors pertinent to a youthful offender adjudication (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him that status (see Simpson, 182 AD3d at 1047). Finally, the sentence is not unduly harsh or severe.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court