People v Santiago (2024 NY Slip Op 04041)

People v Santiago

2024 NY Slip Op 04041

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

553 KA 22-00940

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
DAVID SANTIAGO, DEFENDANT-RESPONDENT. 

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR APPELLANT. 

 Appeal from an order of the Supreme Court, Erie County (Debra L. Givens, A.J.), dated May 24, 2022. The appeal was held by this Court by order entered November 17, 2023, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (221 AD3d 1539 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court to determine whether defendant had standing to contest the legality of the search of an apartment containing narcotics and a gun (People v Santiago, 221 AD3d 1539 [4th Dept 2023]). Upon remittal, the court determined that defendant had standing. The People contend that the court erred. We reject that contention. "A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises or object searched" (People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]; see People v Hunter, 17 NY3d 725, 726 [2011]; People v Smith, 170 AD3d 1564, 1564-1565 [4th Dept 2019], lv denied 33 NY3d 1035 [2019]). "A legitimate expectation of privacy exists where defendant has manifested an expectation of privacy that society recognizes as reasonable" (Ramirez-Portoreal, 88 NY2d at 108). That "test has two components. The first is a subjective component—did defendant exhibit an expectation of privacy in the place or items searched, that is, did [defendant] seek to preserve something as private" (id.). "The second component is objective—does society generally recognize defendant's expectation of privacy as reasonable, that is, is [defendant's] expectation of privacy justifiable under the circumstances" (id.). The defendant may meet their burden "by defendant's own evidence or by relying on the People's evidence" (id. at 109; see People v Gonzalez, 68 NY2d 950, 951 [1986]).
Here, the People contend, both below and on appeal, only that defendant failed to meet the first prong of the test—i.e., that defendant did not exhibit an expectation of privacy in the place searched. We reject that contention. Contrary to the People's characterization, the evidence established that the upper apartment was not simply "a vacant apartment where illegal narcotics and firearms were being stored." Rather, the parole officer who searched the apartment testified at the suppression hearing that he observed mail and other unidentified documents with defendant's name on them, a credit card bearing defendant's name, and family photos hung on the wall that included defendant (see People v Carey, 162 AD3d 1476, 1476-1477 [4th Dept 2018], lv denied 32 NY3d 936 [2018]; cf. People v Jose, 252 AD2d 401, 402 [1st Dept 1998], affd 94 NY2d 844 [1999]; People v Sanchez-Reyes, 172 AD2d 1034, 1035 [4th Dept 1991], lv denied 78 NY2d 926 [1991]). Thus, we conclude that the court properly determined that defendant met the first prong of the test by exhibiting a subjective expectation of privacy in the area searched.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court